# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SONICWALL INC., a Delaware corporation, | ) ) | |
| | ) | C.A. No. N19C-10-017 MAA |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SYNNEX CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendants. | ) ) | |

Submitted: May 6, 2020
Decided: May 14, 2020

*Upon Defendant SYNNEX Corporation's Motion to Dismiss for Improper Venue:*
**Denied.**

## <u>MEMORANDUM OPINION</u>

Gary W. Lipkin, Esq., Alexandra D. Rogin, Esq., ECKERT SEAMANS CHERIN & MELLOTT, LLC, Wilmington, Delaware, *Attorneys for Plaintiff.*

Susan List Hauske, Esq., TYBOUT, REDFEARN & PELL, Wilmington, Delaware, *Attorney for Defendant.*

**Adams, J.**

1

Pending before the Court is SYNNEX Corporation's Motion to Dismiss for Improper Venue pursuant to Superior Court Civil Rule 12(b)(3). At issue is whether the parties' contracts require this action to be filed in Delaware or California. For the reasons stated herein, the Court will deny the Motion to Dismiss.

**Factual Background**

Defendant SYNNEX Corporation ("SYNNEX") entered into a Distribution Agreement with Dell Marketing L.P. ("Dell") in 2014. Dell assigned the Distribution Agreement to Quest Software Inc. ("Quest") in 2016 and Quest subsequently assigned the Distribution Agreement to Plaintiff SonicWall Inc. ("SonicWall") in 2017. SYNNEX and SonicWall began operating under the terms of the Distribution Agreement on June 1, 2017.

On November 20, 2018, SonicWall gave SYNNEX written notice of the termination of the Distribution Agreement, effective 60 days from the date of the notice. SonicWall alleges that SYNNEX owed $557,077.91 at the time of the termination of the Distribution Agreement. SonicWall argues this obligation arises out of the terms of the Distribution Agreement.

On January 25, 2019, SonicWall and SYNNEX entered into the Letter Agreement, under which SonicWall agreed to use reasonable commercial efforts to carry out a campaign to its direct market resellers to sell SonicWall products. Those products would come out of SYNNEX's remaining inventory. Under the terms of

2

the Letter Agreement, SYNNEX was to "promptly pay $3.0 million owed to SonicWall for the purchase of the inventory." SonicWall also agreed to help facilitate the repurchase of any remaining inventory in SYNNEX's possession following the direct market reseller's campaign. SonicWall alleges that SYNNEX was uncooperative during these efforts and, "instead of returning the inventory per the Letter Agreement, SYNNEX falsely claimed that SonicWall refused to accept the inventory, and, according to SYNNEX, sold the inventory at a discount."

The claim asserted in the Complaint is for breach of the Distribution Agreement alone. The Complaint does not allege breach of the Letter Agreement as a claim, although SonicWall made factual allegations regarding a breach of the Letter Agreement in the Factual Background section of the Complaint. With regard to the stated claim for breach of the Distribution Agreement, SonicWall alleges that SYNNEX never challenged the accuracy of any invoice it received for its purchase orders under the Distribution Agreement. During oral argument, counsel for SonicWall clarified that the approximately $557,000 SonicWall alleges SYNNEX owes under the terms of the Distribution Agreement is separate from the $3.0 million referenced in the Letter Agreement. SonicWall alleges that SYNNEX breached the Distribution Agreement by failing to pay its invoices without making a timely objection under Section 6(A) of the Distribution Agreement. SonicWall makes

3

additional allegations arising out of Sections 6(B), 6(C) and 19(D) of the Distribution Agreement.

## Relevant Contract Provisions

Each of the Agreements involved in this case contain a forum selection clause.

The forum selection clause of the Distribution Agreement provides:

> [T]he parties agree that any Dispute shall be brought exclusively in the state or federal courts located in Wilmington, Delaware[….] You and Dell agree to submit to the personal jurisdiction of the state and federal courts located within Wilmington, Delaware […] and agree to waive any and all objections to the exercise of jurisdiction over the parties by such courts and to venue in such courts.[1]

The subsequent Letter Agreement provides:

> This Letter Agreement modifies the terms of the Distribution Agreement only as explicitly set forth herein. All other terms of the Distribution Agreement and of any transaction entered in connection with or under the Distribution Agreement shall remain effective and binding. The laws of the State of California shall govern this Letter Agreement and any disputes arising under this Letter Agreement shall be resolved exclusively in the courts located in Santa Clara County, California.[2]

SYNNEX argues that the forum selection clause of the Letter Agreement applies to this action and this Court is, therefore, an improper venue for SonicWall's claim. SonicWall argues that the Court is not an improper venue because the forum selection clause of the Distribution Agreement applies to this action.

---

[1] Distribution Agreement § 18(B) (attached as Pl.'s Opp'n Ex. A).
[2] Letter Agreement p. 2 (attached as Pl.'s Opp'n Ex. E).

## Analysis

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed issue[s] of material facts or decide the merits of the case."[3] "A motion to dismiss premised on a forum selection clause does not challenge whether the complaint states a claim upon which relief can be granted. Instead, a motion based on a forum selection clause challenges where the plaintiff may assert his claim."[4] The Court should "give effect to the terms of private agreements to resolve disputes in a designated judicial forum out of respect for the parties' contractual designation."[5]

The role of the Court here "is to effectuate the parties' intent."[6] The Court is "constrained by a combination of the parties' words and the plain meaning of those

---

[3] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Mar. 31, 2009) (citing *Belfint, Lyons and Shuman v. Potts Welding and Boiler Repair, Co., Inc.*, 2006 WL 2788188, at *2 (Del. Super. Aug. 28, 2006)).

[4] *Degregorio v. Marriott Int'l, Inc.*, 2018 WL 3096627, at *5 (Del. Super. June 20, 2018) (citation and quotation omitted).

[5] *Airbase Carpet Mart, Inc. v. AYA Associates, Inc.*, 2015 WL 9302894, at *4 (Del. Super. Dec. 15, 2015) (quoting *Loveman*, 2009 WL 847655, at *2). *See also* Donald J. Wolfe, Jr. and Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY, SECOND EDITION, § 5.05[a] at 5-83 (2018) (stating that "the trend in Delaware courts is to give effect to the terms of private agreements to resolve disputes in a designation judicial forum out of respect for the parties' contractual designation.") (citations omitted).

[6] *Lorillard Tobacco Co. v. American Legacy Foundation*, 903 A.2d 728, 739 (Del. 2006) (citing *Northwestern National Insurance Co. v. Esmark, Inc.*, 672 A.2d 41, 43 (Del. 1993)).

5

words where no special meaning is intended."[7] The Court will "read a contract as a whole and we will give each provision and term effect, so as not to render any part of the contract mere surplusage"[8] and will apply the plain meaning of terms "in the context of the contract language and circumstances."[9] In determining a motion to dismiss for improper venue, the Court may consider extrinsic evidence from the outset, and may grant dismissal before the commencement of discovery on the basis of affidavits and documentary evidence in the record.[10]

The question here is which of the two forum selection clauses contained in the parties' agreements applies to this particular claim. SYNNEX argues that, because the parties terminated the Distribution Agreement and the Letter Agreement modified its payment, inventory and marketing obligations to SonicWall, the forum selection clause of the Letter Agreement applies to this action. SonicWall, however, argues that its sole claim – Count I of the Complaint – arises out of the Distribution Agreement, not the Letter Agreement. Further, SonicWall argues that the sentence preceding the venue provision in the Letter Agreement makes clear that the forum

---

[7] *Lorillard* at 739 (citing *Northwestern National Insurance Co. v. Esmark, Inc.*, 672 A.2d 41, 43 (Del. 1993)).

[8] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Mar. 25, 2010) (quoting *Kuhn Construction, Inc. v. Diamond State Port Corp.*, 990 A.2d 393, 397 (Del. 2010)).

[9] *Lorillard Tobacco*, 903 A.3d at 740 (citing *Duncan v. TheraTx, Inc.*, 775 A.2d 1019, 1021 (Del. 2001)).

[10] *Courtney v. Intuitive Surgical, Inc.*, 2015 WL 6671558, at *1 (Del. Super. Oct. 30, 2015) (citation omitted).

selection clause of the Distribution Agreement still applies to disputes arising under that Agreement.

SYNNEX cites *PPL Corp. v. Riverstone Holdings, LLC*[11] to support its argument that the Letter Agreement forum selection clause should apply to this action, even though SonicWall has brought a claim under the Distribution Agreement. SYNNEX argues that the Letter Agreement provision should apply to SonicWall's claim because "broad forum selection clauses apply to any issues that touch on contract rights or contract performance."[12]

The *Riverstone Holdings* case, however, involved one contract with one forum selection clause, presenting an entirely different issue. SonicWall is not trying to avoid the application of a forum selection clause, but is arguing for the application of one clause versus another. The current dispute before the Court involves "contract rights or contract performance" with respect to two separate agreements. The Complaint requests relief under the terms of the Distribution Agreement, specifically, and not the Letter Agreement.

This Court recently addressed a similar issue in *SRL Mondani LLC v. Modani Spa Resort Ltd.*[13] In *SRL Mondani*, the Court also faced competing venue provisions in different contracts. There, the Court held that:

---

[11] 2019 WL 5423306 (Del. Ch. Oct. 23, 2019).
[12] *Id.*
[13] 2017 WL 1555876 (Apr. 28, 2017).

7

Simply put, however, SRL [the plaintiff] is seeking to enforce the Agreement, the Note and the Guarantee and not the Iska Contract. Therefore, there is no present dispute arising in connection with the Iska Contract. Defendants educated the Court as to potential issues … [arising] under the Iska Contract, but those issues are not yet before the Court and may never be before the Court. Under these circumstances, the Court does not find or hold that the Iska Contract's forum selection clause should control over the forum selection clauses contained in the Agreement and the Guaranty.

Similar to the Defendant in *SRL Mondani*, SYNNEX made certain arguments in its briefing and during oral argument regarding issues that are not yet (and may never be) before the Court. For example, SYNNEX argues that the claims SonicWall asserts cannot be brought under the Distribution Agreement because the Letter Agreement completely "usurps" the Distribution Agreement terms underlying SonicWall's claims. SYNNEX's Motion to Dismiss is for improper venue, however, not a failure to state a claim.[14] The Court's focus in making a determination on this Motion is which Agreement's forum selection clause applies.

The Letter Agreement forum selection clause expressly applies to disputes arising under the Letter Agreement and not to disputes arising under the Distribution Agreement. The same paragraph in the Letter Agreement that contains the forum selection clause also reaffirms the existence of terms under the Distribution Agreement that were not expressly modified by the Letter Agreement.

---

[14] *See Degregorio*, 2018 WL 3096627, at *5.

Taking the forum selection clause in context of the parties' agreements as a whole and applying the plain meaning of the clause's language, SonicWall's claim for breach of the Distribution Agreement was properly filed in this Court. SonicWall made the strategic decision to file in Delaware for claims under the Distribution Agreement, and the Court will not disturb SonicWall's choice of forum based on factual disputes regarding the relationship between the Distribution Agreement and the Letter Agreement.[15] The Court, therefore, denies SYNNEX's Motion to Dismiss for Improper Venue.

## CONCLUSION

For the foregoing reasons, SYNNEX's Motion to Dismiss for Improper Venue is **DENIED.**

Meghan A. Adams, Judge

---

[15] *See Courtney v. Intuitive Surgical, Inc.*, 2015 WL 6671558, at *2 (denying a motion to dismiss where there was a factual dispute as to whether there was a valid contract between the parties that would make the forum selection clause enforceable against plaintiff).